FOX VALLEY HEARING OFFICE
54 Park Place, Suite 800
Appleton, WI 54914-8234

Telephone: (920) 832-2769
Fax: (920) 832-5434

\* 0450 061913 062413 071713 130374921 0121

**APPEAL TRIBUNAL DECISION**

State of Wisconsin
Department of Workforce D
Unemployment Insurance

**Hearing No.** 13402345AP

Mailed to:

TIMOTHY G JACOBS

In the matter of:

Employee: TIMOTHY G JACOBS, RESPONDEN

B.C. & S.S. No.:

vs.

Employer: DURA FIBRE LLC, APPELLANT

UI Account No.: 806097

## APPEAL RIGHTS

THIS DECISION WILL BECOME FINAL UNLESS A WRITTEN PETITION FOR REVIEW BY THE LABOR AND INDUSTRY REVIEW COMMISSION IS FILED WITHIN 21 DAYS FROM THE DATE OF THIS DECISION. (SEE DATE BELOW.) THE REQUIRED PROCEDURES TO FILE A PETITION FOR COMMISSION REVIEW ARE DESCRIBED ON THE BACK OF THIS PAGE. THE COMMISSION WILL REVIEW THE EVIDENCE ALREADY PRESENTED AT THE HEARING TO MAKE A DECISION. NO FURTHER HEARING WILL BE HELD UNLESS THE COMMISSION SO ORDERS.

A CLAIMANT WHO IS STILL UNEMPLOYED SHOULD CONTINUE TO FILE CLAIMS WHILE THE REVIEW IS PENDING. IF THIS DECISION ALLOWS BENEFIT PAYMENT, PAYMENTS WILL BE MADE AND WILL CONTINUE UNLESS A LATER DECISION DENIES BENEFIT PAYMENT. IF THIS DECISION OR ANY HIGHER LEVEL DECISION REVERSES AND RESULTS IN A DENIAL OF BENEFIT PAYMENT, THE CLAIMANT WILL BE REQUIRED TO REPAY PREVIOUSLY PAID BENEFITS.

ANOTHER HEARING WILL NOT BE SCHEDULED UNLESS A PARTY WHO FAILED TO APPEAR SHOWS GOOD CAUSE FOR NOT APPEARING AT THE HEARING ORIGINALLY SCHEDULED. THE REQUEST FOR RESCHEDULING MUST BE IN WRITING, MUST EXPLAIN THE REASON FOR FAILING TO APPEAR, AND SHOULD BE MAILED IMMEDIATELY TO THE UI HEARING OFFICE ABOVE. IF YOU DO NOT UNDERSTAND THE PROCEDURE, CALL THE UI HEARING OFFICE FOR ASSISTANCE.

**DECISION:** SEE ATTACHED DECISION WHICH AFFIRMS THE INITIAL DETERMINATION.

Employee appeared by:

IN PERSON

Employer appeared by:

JAMIE GONNERING
HR MANAGER

| Administrative Law Judge | Dated and Mailed | Petition Must Be Received or Postmarked By: |
|---|---|---|
| RAYMOND S. BRADLEY | JULY 17, 2013 | AUGUST 7, 2013 |

(SEE REVERSE FOR ADDITIONAL INFORMATION)

Decision mailed to:
TIMOTHY G JACOBS,
DURA FIBRE LLC, 352 6TH ST, MENASHA, WI 54952-2768

Ex. 34

Case 1:17-cv-00589-WCG   Filed 03/08/18   Page 1 of 6   Document 33-35

-8035-FXV (R.03/2012) (U00805)

# APPEAL TRIBUNAL DECISION INFORMATION

**APPEAL RIGHTS:** The attached decision will become final unless a written petition for review is **received or postmarked** within 21 days from the date of this decision (see "Petition Must Be Received or Postmarked By" date on the front of this decison). You may mail, fax, or deliver your petition for review to this hearing office or the commission, or file your petition over the Internet by following the directions at http://dwd.wisconsin.gov/lirc/petition.htm. Petitions filed on other on-line forms will not be accepted. If the petition is timely, the commission will review the evidence already presented at the hearing to make a decision. No further hearing will be held unless the commission so orders.

**BENEFIT PAYMENT:** A claimant who is still unemployed should continue to file claims promptly while the review is pending. If this decision allows benefit payment, payments will be made and will continue unless a later decision denies benefit payment. If this decision or any higher level decision reverses and results in a denial of benefit payment, the claimant will be required to repay previously paid benefits.

**FAILURE TO APPEAR AT HEARING:** Another hearing will not be scheduled unless a party who failed to appear shows good cause for not appearing at the hearing originally scheduled. The request for rescheduling must be in writing, must explain the reason for failing to appear, and should be mailed immediately to the UI hearing office listed on the front of this form. If you do not understand the procedure, call the UI hearing office for assistance.

**REISSUED DECISION:** A reissued decision is issued and mailed when a previous decision was not mailed to the last-known address of one of the parties. A reissued decision may be appealed (see appeal rights above).

**WITHDRAWAL DECISION:** The appellant may submit a request to retract the withdrawal and to reinstate the prior request for hearing. This request must be in writing, must be received within 21 days from the date of the withdrawal decision, and must include the reasons for the retraction.

**FEES:** No attorney or agent may charge the claimant more than ten percent (10%) of the benefits at issue in the administrative proceeding without prior approval from the department.

**HEARING RECORDS:** You may request a copy of the hearing recording(s) from the Bureau of Legal Affairs by calling (608) 266-3174.

U00807 (R. 01/2012)

THE DEPARTMENT'S DETERMINATION HELD: that in week 21 of 2013, the employee did not voluntarily terminate work with the employing unit but was discharged by the employing unit and not for misconduct connected with the employee's work. As a result, benefits were allowed.

Based on the applicable records and evidence in this case, the appeal tribunal makes the following

## FINDINGS OF FACT and CONCLUSIONS OF LAW

The employee worked for about 5 years as a lead laminator for the employer, a solid fiber manufacturing business. His last day of work was May 23, 2013 (week 21).

The employee was absent from his scheduled work with the employer on October 1 and October 2, 2012, because he felt sick on those days. He provided the employer with proper notice of each of those absences. For those two consecutive absences, he was assessed by the employer with 4 points on his disciplinary record.

On October 18, 2012, while at work in the employer's workplace the employee accidentally tripped and fell over a hose which another worker had left lying on the floor in a dimly lighted area of the employer's facility. The employee experienced lower back pain as a result of the mishap. The employer assessed the employee with 4 disciplinary points for that incident.

On March 19, 2013, the employee was absent from his scheduled work with the employer because he felt sick that day. He provided the employer with proper notice of each of the absence. For that absence, he was assessed by the employer with 4 points on his disciplinary record.

On May 20, 2013, one of the employee's co-workers, over whom the employee was acting as lead man that day, advised the employee, "I tweeked my shoulder." The employee the asked the co-worker, "Are you alright?" The co-worker replied, "Yeah, it's not a big deal." The employee thought nothing significant of the matter at the time. The following day, however, the co-worker the reported to the employee that his shoulder was sorer that the day prior. The employee then advised the co-worker to complete an accident report form and give it to the employer, as required by the employer's policies. The co-worker did so. The next day, on May 22, the employer issued the employee a "disciplinary slip" for failing to promptly report the injury to the co-worker's shoulder on May 20, as required by the employer's same-day accident reporting policies. For that occurrence, the employer assessed the employee 8 points on his disciplinary record with the employer.

On May 23, 2013, as the employee was walking down a short flight of stairs at the employer's facility, he twisted his ankle slightly as he stepped onto the bottom step of the staircase. He immediately reported the incident to the employer. As the injury was not significant, he received no medical attention or first aid from the employer for

his ankle. The employer determined to assess the employee with another 4 points on his disciplinary record for the incident.

Later on May 23, 2013, the employer discharged the employee for having then accumulated a total of 24 disciplinary points on his attendance record with the employer.

**The issue to be decided is whether the employee's discharge was for misconduct connected with the employee's employment.**

The statutes generally provide that if an employee is discharged from employment with an employer due to actions that constitute misconduct connected with the employment, the employee will not be eligible for any unemployment benefits based on wages earned from work prior to the discharge for that employer. In addition, the worker whose discharge was for misconduct will only be eligible for benefits based on wages earned from work for other employers, and only after at least seven weeks have elapsed after the end of the week of discharge and only after the employee has earned wages in covered employment after the discharge of at least 14 times the employee's applicable weekly benefit rate.

The statutes generally provide that if an employee is discharged from employment with an employer due to actions that constitute misconduct connected with the employment, the employee will not be eligible for any unemployment benefits based on wages earned from prior work with that employer. In addition, the worker whose discharge was for misconduct will not be eligible for any benefit payments based on work for other employers until at least seven weeks have passed after the discharge and the employee has earned wages in new employment after the discharge equal to at least 14 times the employee's unemployment weekly benefit rate.

In ***Boynton Cab Co. v. Neubeck & Ind. Comm.***, 237 Wis. 249 (1941), the leading case with respect to the meaning of the term "misconduct" as applied to unemployment compensation in the United States, the Supreme Court of Wisconsin said, in part:

> [T]he intended meaning of the term "misconduct" . . . is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary

negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

The employee in this case was discharged for having accumulated 24 disciplinary points on his disciplinary record with the employer, which under the terms of the employer's collective bargaining agreement with the employee's union permitted the employer the option of discharging the employee. Eight (8) of those points were due to absences by the employee due to illness, all of which were properly reported to the employer. It is well established that there is no misconduct on the part of a worker who is absent for valid reasons that are promptly reported to the employer. **Ramlow v. Power Dispatcher's Equipment Co. & Ind. Comm.**, Dane County Circuit Court, Case No. 107-419, March 2, 1962.

Another eight (8) points were charged against the employee for having once tripped over a hose and for having once twisted his ankle as he was walking down stairs. Such isolated occurrences of what can, at worst, be characterized as instances of ordinary negligence, were expressly excluded from the Wisconsin Supreme Court's definition of the term "misconduct." See **Boynton Cab**, quoted above.

For the second to last asserted incident of unsatisfactory behavior by the employee, in which the employee failed to report another worker's injury on the day the injury occurred, the employer assessed the employee eight (8) disciplinary points toward the 24-point total that was the cause of the employee's discharge. Arguably, the employee did fail to strictly adhere to the employer's same-day accident reporting policy on that occasion. Regardless, where a worker is discharged for violating an established workplace rule, the critical issue in determining whether that worker's discharge was for "misconduct connected with the employment" is not merely whether the rule was violated by the worker, but whether the worker's underlying actions that constituted the violation were undertaken by that worker with intentional and substantial disregard of the employer's interests and of the standards the employer had a right to expect. See **Milwaukee Transformer Co. v. Ind. Comm.**, 22 Wis. 2d 502 (1964). Here, the employee did not immediately report to the employer the fact that a co-worker had commented to him that the co-worker had 'tweeked" his shoulder because at that time the employee reasonably understood and believed in good faith that the worker had suffered no sort of accident or actual injury. His failure to immediately report the worker's comment in that regard did not demonstrate an intentional disregard on his part for the employer's interests or for any duties he owed the employer.

The employer may have made a valid business decision in discharging the employee. The employer may or may not have effectuated the employee's discharge in a manner that was consistent with the employer's contractual obligations under its collective bargaining agreement with the employee's union. But the evidence failed to establish that the employee's discharge was the result of any actions or combination of actions by the employee that could be reasonably characterized as arising to the level

of "misconduct connected with the employment," as that phrase is defined by unemployment insurance law.

The appeal tribunal therefore finds that in week 21 of 2013, the employee was discharged but that the discharge was not for misconduct connected with the employee's work, within the meaning of section 108.04(5) of the statutes.

### DECISION

The department's determination is affirmed. Accordingly, the employee is eligible for benefits beginning in week 21 of 2013, if otherwise qualified.

APPEAL TRIBUNAL

By: _____
Raymond S. Bradley
Administrative Law Judge

RSB:rsb