UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|   |   |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br><br>   v.<br><br>DURA-FIBRE, LLC<br><br>      Defendant. | Civil Action No. 017-C-589 |

## CONSENT JUDGMENT AND ORDER

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, pursuant to his authority under the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 651 *et seq.* (hereinafter referred to as "the Act"), has filed an action for injunctive and other appropriate relief against Defendant Dura-Fibre, LLC. Defendant and the Secretary agree to resolve all maters in controversy in this action and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

  A.  The Secretary's Complaint alleges that Defendant did intentionally and unlawfully assign disciplinary points and terminate the employment of Complainant Timothy Jacobs ("Complainant") because of the latter's exercise of rights secured by the Act, and thereby did engage in, and is engaging in conduct which violates Section 11(c)(1) of the Act. More particularly, the Complaint alleges Defendant violated Section 11(c)(1) of the Act when it (1) assessed disciplinary points for reporting an alleged injury of another employee, (2) when it assessed disciplinary points for reporting an alleged injury to himself, and (3) when it terminated him. The Complaint further alleges Dura-Fibre's reporting plan and disciplinary policy provides

Dura-Fibre and individual managers too much discretion to determine what constitutes an "unsafe act" and an "injury" and whether an occurrence is an "accident" or a "near miss," thus removing any predictability of appropriate disciplinary action and further discouraging employees from reporting work-related injuries, accidents, or near misses.

B.  The Secretary's Complaint further alleges that, as a result of Defendant's unlawful discrimination, Complainant incurred damages of loss of salary, benefits, and compensation; emotional pain and suffering; and damage to his professional and personal reputation.

C.  Defendant hereby admits to the jurisdiction of the Court over it and over the subject matter of this action. Defendant admits that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

D.  Nothing in this Consent Judgment shall be deemed an admission by Defendant of the allegations contained within the Complaint.

E.  Defendant hereby expressly waives any and all claims of whatsoever nature that it has or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution and maintenance of this civil action or any other proceeding and investigation incident thereto.

F.  This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendant. This Order is not binding on any government agency or claimant other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and the Defendant.

G. The Secretary and Defendant expressly consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or further adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** that**:**

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendant and its agents, servants, employees and all persons in active concert or participation with them, are hereby permanently enjoined and restrained from violating the provisions of Section 11(c)(1) of the Act by discriminating against, interfering with, restraining, or coercing any employee because such employee has filed any complaint or has instituted or caused to be instituted any proceeding under the jurisdiction of the Occupational Safety and Health Administration, or has testified or is about to testify in any such proceedings or because of the exercise of such employee on behalf of himself or others of any rights effected by these Acts, or because such employee reported a work-related fatality, injury, or illness.

3. After due consideration of the entirety of this matter, Defendant agrees to the following in full settlement of the Secretary's claim:

a. By August 17, 2018, provided that Defendant received an executed Consent Judgment signed by the Secretary by August 10, 2018,[1] Defendant shall make payment to counsel for the Secretary payable to Complainant in the total amount of $100,000, which shall be apportioned, as follows:

---

[1] If Defendant does not receive the executed Consent Judgment by August 10, 2018, Defendant shall make the required payment to counsel for the Secretary within seven (7) days of receipt of the executed Consent Judgment.

1. $50,000.00, in back wages minus appropriate payroll deductions for the employee's share of taxes to be reported on a W-2 Form; and

2. $50,000.00, as compensatory damages to be reported on the appropriate tax form.

Defendant remains responsible for the employer's share of any applicable taxes in accordance with federal and state tax laws. Complainant shall be issued a payroll deduction breakdown with each payment check. Complainant shall be issued a W-2 for the year in which payment is made by Defendant.

b. Defendant will file with the Social Security Administration all forms necessary to ensure that the back wage payment to the Complainant are allocated to the appropriate calendar periods for which Complainant would have earned compensation.[2]

c. If Defendant fails to make the full payments required under this Agreement, any defaulted balance shall become immediately due and payable without further notice by Secretary to Defendant and shall subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. Defendant also understands and agrees that the Secretary will pursue any additional enforcement of this Agreement it deems necessary including any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice, without notice to Defendant.

---

[2] Refer to IRS Publication 957: Reporting Back Pay and Special Wage Payments to the Social Security Administration.

d. Once payment has been made by Defendant, the Secretary will file this Consent Judgment and Order with the Court.

e. Defendant acknowledges that Section 11(c) of the Act prohibits an employer from discriminating against an employee for reporting a work related injury or illness.

f. Defendant states (1) it will encourage employees to report work related injuries and illnesses without fear of retaliation and (2) it will not admonish, discipline, or take any adverse action against employees for the act of reporting work related injuries and illnesses.

g. Within 90 days of the issuance of an order entering this Consent Judgment, Defendant will amend its *Accident Reporting/Investigation Plan*, including, but not limited to its late reporting policy, such that it does not violate Section 11(c)(1) of the Act or associated implementing regulations.

h. Defendant further agrees it will not assign disciplinary points to any employee for "late" reporting an injury or illness either to himself or herself, or to another employee where such employee is unaware that he, she, or another employee sustained an injury or illness stemming from an occurrence.

i. Within 90 days of the issuance of an order entering this Consent Judgment, Defendant will amend any policy, practice, or form that may result in disparate disciplinary treatment between employees who are injured or report injuries and employees who are not injured or do not report injuries. Any such policy, practice, or form will not provide for more or less severe discipline based solely upon (1) the present or past occurrence of an injury or (2) the severity of an injury.

j. Within 90 days of the issuance of an order entering this Consent Judgment, Defendant will expressly and clearly define any material key terms found in its

*Accident Reporting/Investigation Plan* as revised or any such similar document such that a reasonable employee or person would understand the meaning of such material terms.

k. Within 90 days of the issuance of an order entering this Consent Judgment, Defendant will amend its employee handbook to acknowledge that some accidents may be unavoidable and are not the fault of the injured employee.

l. Within 120 days of the issuance of an order entering this Consent Judgment, Defendant shall provide training to its managers and employees on the proper reporting of work related injuries and illnesses. This training shall include:

1. That employees have the right to report work related injuries and illnesses without fear of retaliation and that Defendant must not admonish, discipline, or take any adverse action against employees for the act of reporting work related injuries and illnesses.

2. A statement affirming the idea that some accidents may be unavoidable.

3. A review of the revised *Accident Reporting/Investigation Plan* and any such revised documents consistent with that plan and this Consent Judgment.

4. A review of all material terms included in the *Accident Reporting/Investigation Plan* and any such revised documents ensuring that all employees, including management employees, have a clear understanding of such material terms.

m. Defendant, its agents, employees or representatives agree to immediately remove and expunge from Complainant's personnel record and all company records all references to any disciplinary action, including termination for alleged "unsafe acts" and "late" reporting of injuries, as described in the Complaint in this matter. Defendant agrees to send a

copy of Complainant's expunged personnel records to Complainant on or before August 15, 2018.

      n.      Defendant agrees not to disclose any of the underlying facts which precede the filing of this proceeding, including, but not limited to, any disciplinary actions against Complainant or Complainant's termination.

      o.      Unless expressly authorized in writing by Complainant, Defendant will not provide any information to a prospective employer of Complainant other than the dates of employment with Defendant, his last position held, and his most recent rate of pay, including but not limited to information relating to the Complainant's reputation, character or possible future employment with the Company.

      p.      Within seven (7) calendar days of entry of this *Consent Judgment*, Defendant agrees to post the OSHA *Job Safety and Health: It's the Law* poster (OSHA 3165), as well as the OSHA *Fact Sheet: Your Rights as a Whistleblower* (OSHA 3812), at its Menasha, Wisconsin facility where each can be seen and is easily readable in compliance with 29 C.F.R. 1903.2. Defendant further agrees to provide the *Fact Sheet* to all current and new employees via electronic mail. Should there be a need, Defendant will provide copies of the poster and the *Fact Sheet* in a language other than English.

      q.      The parties agree that nothing in this Consent Judgment shall be deemed to alleviate Defendant from complying with all provisions of the Occupational Safety and Health Act and all applicable standards or waive any prospective action the Secretary may take in the future, including under the Act or to enforce the terms and conditions of this Consent Judgment and Order,

Each party shall bear its own costs and expenses, including attorney's fees, including any fees or costs that may be available under the Equal Access to Justice Act, arising in connection with any stage of the above-referenced proceeding.

Dated this 27th day of August, 2018.

s/ William C. Griesbach
**WILLIAM C. GRIESBACH, Chief Judge**
United States District Court
for the Eastern District of Wisconsin

| Consented to By Plaintiff: | Consented to By Defendant: |
|---|---|
| **KATE S. O'SCANNLAIN**<br>Solicitor of Labor | s/ Luke Benrud<br>**LUKE BENRUD**<br>As representative of Dura-Fibre, LLC |
| **CHRISTINE Z. HERI**<br>Regional Solicitor | |
| s/ David J. Rutenberg<br>**DAVID J. RUTENBERG**<br>Trial Attorney | s/ Christopher P. Banaszak<br>**CHRISTOPHER P. BANASZAK** |
| **Attorneys for the Plaintiff**<br>U.S. Department of Labor<br>Office of the Solicitor<br>230 S. Dearborn Street, Room 844<br>Chicago, IL 60604<br>Tel: 312-353-6990<br>rutenberg.david.j@dol.gov | **Attorneys for the Defendant**<br>Reinhart Boerner Van Duren s.c.<br>1000 N. Water St.<br>Suite 1700<br>Milwaukee, WI 53202<br>Tel: 414-298-8320<br>cbanaszak@reinhartlaw.com |